**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JORGE ELIECER MADERA REYES,<br>A No. 220-531-597,<br><br>Petitioner,<br><br>v.<br><br>FACILITY ADMINISTRATOR,<br>Glades County Detention Center;<br><br>FIELD OFFICE DIRECTOR,<br>ICE Enforcement and Removal Operations,<br>Miami Field Office;<br><br>ACTING DIRECTOR,<br>U.S. Immigration and Customs<br>Enforcement; and<br><br>SECRETARY OF THE<br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Case No. __________<br><br>PETITION FOR<br>WRIT OF HABEAS CORPUS<br>(28 U.S.C. § 2241)<br>AND REQUEST FOR<br>ORDER TO SHOW CAUSE |

Petitioner, **JORGE ELIECER MADERA REYES** ("Petitioner"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2241, respectfully petitions this Court for a Writ of Habeas Corpus and requests that the Court issue an Order to Show Cause directing Respondents to demonstrate why the requested relief should not be granted. In support thereof, Petitioner alleges as follows:

## I. INTRODUCTION

1. Petitioner is presently confined by the Department of Homeland Security ("DHS") at the Glades County Detention Center within the Middle District of Florida. He has remained

continuously detained pursuant to 8 U.S.C. § 1226(a) since April 11, 2026, and, as of the filing of this Petition, has been detained for 116 days.

2. This Petition challenges the legality of Petitioner's continued detention under 8 U.S.C. § 1226(a). Petitioner has now been detained for 116 days without any Immigration Judge having conducted a new individualized custody determination following DHS's material amendment of the factual allegations underlying the original custody determination.

3. Petitioner does not seek review of a final order of removal, his removability, or the Immigration Judge’s discretionary custody determination.

4. Nor does Petitioner ask this Court to substitute its judgment for that of the Immigration Judge or review Petitioner’s pending administrative appeal before the Board of Immigration Appeals.

5. During Petitioner’s removal proceedings, DHS materially amended the factual allegations contained in the Notice to Appear by filing Form I-261. Those amendments superseded the corresponding factual allegations contained in the original charging document and now govern Petitioner’s removal proceedings.

6. Despite those material amendments, no Immigration Judge has conducted a new individualized custody determination based upon the amended record.

7. Respondents nevertheless continue detaining Petitioner pursuant to a custody determination rendered before DHS materially corrected the factual record underlying that determination.

8. Accordingly, Petitioner seeks habeas relief under 28 U.S.C. § 2241 because Respondents continue exercising detention authority under 8 U.S.C. § 1226(a) without first obtaining a new individualized custody determination based upon the amended record.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 1331 because Petitioner is confined within the Middle District of Florida and challenges the legality of his detention under the Constitution and laws of the United States.

10. Venue is proper in this District because Petitioner is detained within the Middle District of Florida and his immediate custodian is located within this District.

## III. PARTIES

11. Petitioner, Jorge Eliecer Madera Reyes, is a native and citizen of Colombia who is presently detained at the Glades County Detention Center in Moore Haven, Florida.

12. Respondent Facility Administrator of the Glades County Detention Center is Petitioner's immediate custodian and is responsible for his physical detention.

13. Respondent Field Office Director, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, Miami Field Office, supervises Petitioner's immigration detention and is responsible for its administration within the Miami Field Office.

14. Respondent Acting Director of U.S. Immigration and Customs Enforcement is responsible for administering ICE's detention authority under the Immigration and Nationality Act.

15. Respondent Secretary of the Department of Homeland Security is responsible for administering and enforcing the immigration laws of the United States, including the detention of noncitizens under the Immigration and Nationality Act.

16. All Respondents are sued solely in their official capacities.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

17. Petitioner is a native and citizen of Colombia. On April 26, 2019, he was lawfully admitted to the United States as a B-2 nonimmigrant visitor with authorization to remain until October 25, 2019. **Ex. A.**

18. Petitioner has remained continuously present in the United States since his lawful admission and has not departed the country since April 26, 2019.

19. While residing in the United States, Petitioner obtained employment authorization, maintained continuous employment, filed federal income tax returns, established a residence, developed family and community ties, and filed an Application for Asylum and for Withholding of Removal that remains pending before the Immigration Court.

20. On April 8, 2026, Petitioner was arrested by the Orlando Police Department after opening a can of beer inside a 7-Eleven convenience store, resulting in an alleged violation of Orlando City Ordinance § 33.18.

21. On April 9, 2026, DHS served Petitioner with a Notice to Appear ("NTA"), charging him as removable under INA § 237(a)(1)(B). **Ex. B.**

22. The original Notice to Appear alleged that Petitioner had been admitted to the United States on July 31, 2025, with authorization to remain until January 31, 2026. Those allegations were materially inaccurate. **Ex. B.**

23. On April 11, 2026, DHS assumed custody of Petitioner pursuant to 8 U.S.C. § 1226(a). Petitioner has remained continuously detained since that date.

24. On April 20, 2026, Petitioner requested a custody redetermination before the Immigration Court.

25. On April 28, 2026, the Immigration Judge entered an order reflecting that Petitioner's custody request was withdrawn because he had not yet surrendered his original passport to DHS. The Immigration Judge made no findings regarding danger to the community, risk of flight, or any other custody factor. **Ex. C.**

26. Petitioner thereafter surrendered his original passport while in DHS custody.

27. The Immigration Court subsequently scheduled an individualized custody hearing.

28. Before the custody hearing, Petitioner submitted documentary evidence addressing his immigration history, employment, federal income tax filings, family and community ties, pending application for asylum and withholding of removal, and other factors relevant to custody.

29. At the conclusion of the hearing, the Immigration Judge denied Petitioner's request for release on bond and entered a written Order Denying Bond, concluding that Petitioner had not established that he was a suitable bond risk because he was "a recent arrival," had "no relief pending before the Court," and had "already departed the United States during a prior stay in the United States." Those findings were based upon the administrative record and factual allegations before the Immigration Judge at the time of the custody hearing, including the original Notice to Appear. **Ex. D.**

30. On June 17, 2026, Petitioner timely appealed the Immigration Judge's May 19, 2026 custody determination to the Board of Immigration Appeals.

31. On July 2, 2026, the Immigration Judge issued a Bond Memorandum explaining the reasons for the May 19, 2026 custody determination. The memorandum reiterated the factual findings underlying the Order Denying Bond, including that Petitioner was a recent arrival, had previously departed the United States and abandoned a prior asylum application, and had no relief pending before the Immigration Court. Those conclusions were based upon the administrative

record before the Immigration Judge at the time of the custody determination. The memorandum also repeatedly referred to Petitioner using female pronouns despite Petitioner being male. **Ex. E.**

32. After the initial custody proceedings, Petitioner identified material factual inaccuracies in the administrative record, including inaccuracies contained in the original Notice to Appear and other DHS records.

33. On July 3, 2026, Petitioner filed a Motion to Correct Material Errors in the Notice to Appear, Strike Erroneous DHS Evidence, and, in the Alternative, Terminate Proceedings, requesting a new custody redetermination based upon the corrected record.

34. In support of that motion, Petitioner submitted documentary evidence establishing that he was lawfully admitted to the United States on April 26, 2019, had remained continuously present in the United States since that admission, had never departed the United States, had not abandoned his asylum application, and continued to have an application for relief pending before the Immigration Court.

35. During the Master Calendar Hearing held on July 7, 2026, the Immigration Judge presiding over Petitioner's removal proceedings reviewed Petitioner's motion and supporting evidence. After considering the issues presented, the Immigration Judge determined that DHS should be afforded an opportunity to review the challenged factual allegations and correct the charging document before the Court ruled on Petitioner's motion.

36. Following the July 7, 2026 Master Calendar Hearing, DHS reviewed Petitioner's evidence and the factual allegations contained in the original Notice to Appear.

37. DHS thereafter filed Form I-261, Amended Charges of Inadmissibility/Deportability, materially amending the factual allegations contained in the original Notice to Appear. Specifically, DHS amended Petitioner's date of admission from July 31, 2025, to April 26, 2019,

and the corresponding period of authorized admission from January 31, 2026, to October 25, 2019. DHS otherwise maintained the charge of removability under INA § 237(a)(1)(B). **Ex. F.**

38. By filing Form I-261, DHS superseded the corresponding factual allegations contained in the original Notice to Appear. Those amended allegations became the operative factual allegations governing Petitioner's removal proceedings.

39. During the same proceedings, DHS also produced a Form I-213 pertaining to a different individual. The document contained a different photograph, fingerprints, identifying information, and immigration history. **Ex. G.**

40. Following DHS's filing of Form I-261, Petitioner filed a renewed motion for custody redetermination based upon materially changed circumstances resulting from the amended record.

41. Petitioner argued that DHS's material amendment of the Notice to Appear, together with the correction of other material inaccuracies in the administrative record, materially altered the factual basis upon which the May 19, 2026 custody determination had been rendered and therefore warranted a new individualized custody determination under 8 U.S.C. § 1226(a).

42. On July 16, 2026, without conducting a hearing, the Immigration Judge denied Petitioner's renewed motion for custody redetermination. **Ex. H.**

43. In the written Order, the Immigration Judge treated Petitioner's request as a subsequent motion for custody redetermination under 8 C.F.R. § 1003.19(e) and concluded that Petitioner had not established materially changed circumstances warranting a new custody determination. The Immigration Judge found that Petitioner had submitted substantially the same evidence previously presented, had not identified new evidence or explained why it had not been submitted earlier, had not filed an application for relief before the Immigration Court from which it could assess the strength of his claim, had overstayed his visa, had abandoned a prior asylum application by

departing the United States, had not filed a new application for relief, was a recent arrival, had no relief pending before the Court, and therefore remained a heightened flight risk. Based on those findings, the Immigration Judge denied the renewed motion. **Ex. H.**

44. Although DHS amended the Notice to Appear after the May 19, 2026 custody determination, no Immigration Judge has conducted a new individualized custody determination based upon the amended record. As a result, Petitioner's continued detention remains predicated upon a custody determination rendered before DHS corrected the factual allegations governing his removal proceedings.

45. Petitioner's removal proceedings remain pending before the Immigration Court.

46. Petitioner's appeal from the Immigration Judge's May 19, 2026 custody determination remains pending before the Board of Immigration Appeals.

47. Petitioner has remained continuously detained pursuant to 8 U.S.C. § 1226(a) since April 11, 2026, and has now been detained for 116 days without any Immigration Judge having conducted a new individualized custody determination based upon the amended administrative record.

## V. GOVERNING LEGAL PRINCIPLES

48. The writ of habeas corpus is the traditional means by which a person in federal custody may challenge the legality of that custody. Federal district courts possess jurisdiction under 28 U.S.C. §§ 1331 and 2241 to determine whether a petitioner's continued detention violates the Constitution or laws of the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

49. Petitioner's detention is governed by 8 U.S.C. § 1226(a), which authorizes the discretionary detention of certain noncitizens during the pendency of removal proceedings. An Immigration Judge may continue detention or authorize release on bond or conditional parole only after conducting an individualized custody determination in accordance with the Immigration and Nationality Act and its implementing regulations. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 1003.19, 1236.1(d).

50. In exercising that authority, the Immigration Judge considers whether continued detention is warranted based upon the evidence presented and the applicable custody factors. *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1112 (BIA 1999); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *Matter of Drysdale*, 20 I. & N. Dec. 815, 817 (BIA 1994).

51. The Due Process Clause of the Fifth Amendment requires that detention under 8 U.S.C. § 1226(a) be implemented through fundamentally fair procedures consistent with the Constitution, the Immigration and Nationality Act, and the applicable regulations.

52. This Petition does not challenge Petitioner's removability, any final order of removal, or the Immigration Judge's discretionary custody determination. Nor does Petitioner seek review of his pending appeal before the Board of Immigration Appeals.

53. Instead, Petitioner challenges Respondents' present legal authority to continue detaining him under 8 U.S.C. § 1226(a) after DHS materially corrected the factual record underlying the May 19, 2026 custody determination without providing a new individualized custody determination based upon that corrected record.

54. Accordingly, the claims asserted in this Petition present questions concerning the legality of Petitioner's continued detention under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment, both of which are properly reviewable under 28 U.S.C. § 2241.

# VI. ARGUMENT

## A. This Court Has Authority to Determine Whether Petitioner's Continued Detention Complies with the Constitution and Laws of the United States

55. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2241 to determine whether Petitioner's continued detention complies with the Constitution and laws of the United States. See 28 U.S.C. § 2241(c)(3); *Zadvydas*, 533 U.S. at 687; *Demore*, 538 U.S. at 516–17. Although Congress has limited judicial review of certain discretionary immigration decisions, those limitations do not preclude habeas review of constitutional claims or questions concerning the legality of continued detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 294–96 (2018).

56. Petitioner does not seek review of his removability, the Immigration Judge's discretionary custody determination, or his pending appeal before the Board of Immigration Appeals. Instead, he challenges Respondents' present legal authority to continue detaining him under 8 U.S.C. § 1226(a).

57. Accordingly, the issue before this Court is whether Respondents may continue exercising detention authority under § 1226(a) after DHS materially corrected the factual record underlying the May 19, 2026 custody determination without affording Petitioner a new individualized custody determination based upon the corrected record.

## B. Respondents May Not Continue Detaining Petitioner Under 8 U.S.C. § 1226(a) Based Upon a Custody Determination Rendered Before DHS Materially Corrected the Factual Record

58. Section 1226(a) authorizes the discretionary detention of certain noncitizens during the pendency of removal proceedings through an individualized custody determination conducted by an Immigration Judge. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 1003.19, 1236.1(d).

59. That statutory framework contemplates that the Immigration Judge's custody determination will be based upon the administrative record before the Court and the individualized custody factors recognized in *Matter of Guerra*, 24 I. & N. Dec. at 40.

60. As alleged above, DHS materially amended the Notice to Appear after the May 19, 2026 custody determination by filing Form I-261, thereby correcting the factual allegations that govern Petitioner's removal proceedings.

61. The May 19, 2026 custody determination rested upon factual premises reflected in the administrative record then before the Immigration Judge, including the original Notice to Appear and the factual representations advanced by DHS during the custody proceedings. DHS subsequently determined that those factual allegations required correction and filed Form I-261 materially amending the Notice to Appear. Nevertheless, no Immigration Judge has reconsidered Petitioner's custody based upon the amended record.

62. Petitioner thereafter requested a new individualized custody determination based upon the amended record. The Immigration Judge denied that request without conducting a hearing. Respondents nevertheless continue detaining Petitioner pursuant to the May 19, 2026 custody determination.

63. Because no Immigration Judge has conducted an individualized custody determination based upon the amended record now governing Petitioner's removal proceedings, Respondents' continued detention is inconsistent with the statutory framework established by 8 U.S.C. § 1226(a).

**C. Respondents' Continued Reliance Upon the May 19, 2026 Custody Determination Violates the Due Process Clause of the Fifth Amendment**

64. The Fifth Amendment prohibits the Government from depriving any person of liberty without due process of law. Those protections apply equally in civil immigration detention proceedings.

65. Due process requires that detention proceedings under 8 U.S.C. § 1226(a) be fundamentally fair. Although the Immigration Judge possesses discretion in exercising custody authority, that discretion must be exercised upon a materially accurate factual record.

66. The Fifth Amendment requires that governmental decisions depriving an individual of liberty be based upon materially accurate and reliable factual information. *See Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991).

67. Federal courts have likewise recognized that immigration detention proceedings cannot satisfy due process where the Government relies upon materially false or unreliable factual information. *See Montero-Martinez v. Mattos*, No. 2:25-cv-02391-CDS-DJA, 2026 WL 674497, at 1–2 (D. Nev. Mar. 9, 2026) (granting habeas relief where a bond determination rested on materially false information); *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 408 (3d Cir. 2003) (holding that due process was violated where the agency relied upon evidence that was "neither reliable nor trustworthy").

68. The constitutional defect is not that the Immigration Judge relied upon the administrative record as it existed on May 19, 2026. Rather, the defect arises because DHS subsequently corrected the factual allegations underlying that custody determination through Form I-261, yet Respondents continue to justify Petitioner's detention under the original custody determination without any Immigration Judge having conducted a new individualized custody determination based upon the amended record.

69. Petitioner's claim does not challenge the Immigration Judge's discretionary evaluation of the evidence presented during the May 19, 2026 custody hearing. Rather, it challenges Respondents' continued reliance upon a custody determination rendered before DHS corrected the factual record upon which that custody determination rested.

70. Under these circumstances, Respondents' continued detention violates the Due Process Clause of the Fifth Amendment. Accordingly, Petitioner's continued detention is no longer supported by a custody determination rendered upon the operative factual record governing his removal proceedings.

**D. Habeas Relief Is Appropriate**

71. Because Petitioner's continued detention no longer rests upon a custody determination rendered on the operative factual record governing his removal proceedings, habeas relief is appropriate under 28 U.S.C. § 2241.

72. For the reasons set forth above, Petitioner's continued detention pursuant to the May 19, 2026 custody determination is contrary to 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment.

73. The appropriate remedy is an order directing Respondents to provide Petitioner with a new individualized custody determination before an Immigration Judge based upon the amended record within a reasonable period to be established by this Court.

74. If Respondents fail to provide that custody determination within the time prescribed by the Court, the Court should order Petitioner's release under appropriate conditions of supervision.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a) Assume jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2241;

b) Issue a Writ of Habeas Corpus declaring that Petitioner's continued detention under 8 U.S.C. § 1226(a) is unlawful;

c) Declare that Petitioner’s continued detention pursuant to the May 19, 2026 custody determination is contrary to law because no Immigration Judge has conducted a new individualized custody determination following DHS’s material amendment of the Notice to Appear;

d) Issue an Order to Show Cause directing Respondents to file a response demonstrating why the writ should not issue and why Petitioner's continued detention under 8 U.S.C. § 1226(a) is lawful, and to produce the complete administrative record relevant to Petitioner's detention, including all documents upon which Respondents rely to justify that detention;

e) Order Respondents to provide Petitioner with a new individualized custody determination before an Immigration Judge based upon the amended administrative record within fourteen (14) days, or within such other period as the Court deems appropriate;

f) Order Petitioner’s release under appropriate conditions of supervision if Respondents fail to provide the custody determination ordered by this Court within the time prescribed by the Court; and

g) Grant such other and further relief as this Court deems just and proper.

## VERIFICATION

I, Kathy Riano-Lopez, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am counsel for Petitioner and that the factual allegations contained in this Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief, based upon my review of the Department of Homeland Security records, Immigration Court records, official administrative documents, my communications with Petitioner, and the official

administrative record maintained by the Department of Homeland Security and the Executive Office for Immigration Review.

Dated: August 5, 2026.

Respectfully submitted,

**RIANO & ASSOCIATES, LLC**
939 N. Federal Highway, Second Floor
Hollywood, Florida 33020
Telephone: (754) 400-9896
Facsimile: (305) 735-8881

*/s/ Kathy Riano-Lopez*
**Kathy Riano-Lopez, Esq.**
Florida Bar No. 109561
kathy@rianolaw.com
*Counsel for Petitioner*