**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BROWARD TRANSITIONAL CENTER**
**POMPANO BEACH, FLORIDA**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | |
| **Jorge Eliecer MADERA REYES** | ) | |
| **A# 220-531-597** | ) | **BOND PROCEEDINGS** |
| | ) | |
| **RESPONDENT** | ) | |
| | ) | |

**APPLICATION:** Motion for Bond

**ON BEHALF OF RESPONDENT**
Kathy Riano Lopez, Esq.
939 North Federal Hwy, 2nd Floor
Hollywood, FL 33020

**ON BEHALF OF THE DEPARTMENT**
Shane McDonald, ACC
Department of Homeland Security/ICE
3900 N. Powerline Road
Pompano Beach, Florida 33073

## BOND MEMORANDUM

### I. PROCEDURAL HISTORY

Jorge Eliecer Madera-Reyes (Respondent) is a 54-year-old native and citizen of Colombia who was last admitted to the United States at Orlando, Florida on or about July 31, 2025, as a nonimmigrant Visitor for Pleasure (B2) with authorization to remain in the United States for a temporary period not to exceed January 31, 2026. See Exhibit (Exh.) 1 (in removal proceedings). Respondent remained in the United States beyond January 31, 2026, without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security. See id. Respondent was charged with being inadmissible under section 237(a)(1)(B) of the Immigration and Nationality Act (INA or Act). See id.

On May 19, 2026, a bond hearing was held in this matter before this Court. The Court considered both sides evidence submissions. See Bond Exhs. 1-19.

In support of a bond, Respondent, through counsel requested to be released on a reasonable bond.

Regarding DTC, Respondent was encountered: 1) two (2) traffic matters (Improper Lane change & Red Light) and Municipal Violation (open alcohol container in a 7-11).

As to flight risk, Respondent's counsel pointed out to the Court Respondent's daughter is a Lawful Permanent Resident (LPR), and indicated that Respondent daughter's LPR card was

submitted to the Court. Also, Respondent's counsel further indicated that she submitted proof of employment for both Respondent's daughter and Respondent's United States citizen (USC) sponsor

The Department of Homeland (DHS) opposed bond arguing that Respondent has not met his burden of proof in establishing that Respondent is a suitable bail risk.

The Court denied Respondent's bond motion finding Respondent had not met her burdeni in establishing that Respondent was a suitable bail risk. Appeal was reserved on behalf of Respondent.

Under 8 C.F.R. § 1236, an alien who has been detained by DHS has the right to seek a redetermination of the initial custody decision before an Immigration Judge. 8 C.F.R. §§ 1236.1(d)(1), 1003.19(a). Accordingly, the Court has jurisdiction to reconsider DHS's initial custody determination. See id. It is the alien's burden to establish eligibility for bond by proving "[r]elease would not pose a danger to property or persons, and that he is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8); see also, Sopo v. U.S. Attorney General, No. 14-11421 (11th Cir. 2016). An alien who poses a threat of danger to the community should be held without bond. Matter of Adeniji, 22 I&N Dec. 1102, 1113 (BIA 1999). If an alien can establish that he is not a danger to the community, then, and only then, should the Court consider the question of whether the alien poses a risk of flight. Matter of Urena, 25 I&N Dec. 140 (BIA 2009) (citing Matter of Drysdale, 20 I&N Dec. 815, 817–18 (BIA 1994)). Custody and bond determinations are "[b]ased upon any information that is available to the Immigration Judge or that is presented by the alien or [DHS]." 8 C.F.R. § 1003.19(d).

The Court conducted an individualized bond hearing. Applying the 9 Guerra factors, the Court has balanced the positive factors (Respondent was lawfully admitted into the United States, she has a fixed address, she has family ties in the United States, Respondent has minimal involvement with the criminal justice system, and she has a sponsor) against the negative factors (Respondent overstayed her visa, she was previously in the United States, filed a I-589; and, abandoned the I-589 by leaving the United States; and, has not, to date, filed a new application for relief before the Court). The Court finds that Respondent has not met her burden in meeting the she is a suitable bail risk based on the fact that Respondent is a recent arrival, Respondent has no relief pending before the Court, and Respondent has already departed the United States during a prior stay in the United States. see Matter of Guerra and Matter of R-A-V P-.

Thus, the Court finds Respondent poses that Respondent is not a suitable bail risk, and, there is no bond amount to mitigate the risk. For these reasons it is ORDERED that bond be DENIED.

Stuart A. Siegel

STUART A. SIEGEL
Immigration Judge
Dated: July 2, 2026

**Order of the Immigration Judge**

Stuart A Siegel

Immigration Judge: Stuart A. Siegel 07/02/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : | A-Number :

Riders:

Date: 07/02/2026 By: RIEBE, NICHOLINA, Court Staff