UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE ELIECER MADERA REYES,

Petitioner,

v. Case No.: 2:26-cv-02300-SPC-NPM

FACILITY ADMINISTRATOR, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents,
_________________________________/

**OPINION AND ORDER**

Before the Court are Jorge Eliecer Madera Reyes's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Madera Reyes's reply (Doc. 5).

Madera Reyes is a native and citizen of Colombia who lawfully entered the United States on April 26, 2019, with a B-2 nonimmigrant visa allowing him to remain until October 25, 2019. He has not departed the country since his 2019 arrival, and he has applied for asylum, obtained work authorization and steady employment, filed income tax returns, and developed family and community ties. On April 8, 2026, Orlando police arrested Madera Reyes for opening a beer inside a convenience store in violation of a local ordinance, and

Immigration and Customs Enforcement (ICE) issued an immigration detainer. Madera Reyes has no prior criminal history.

On April 9, 2026, ICE commenced removal proceedings by issuing and serving a notice to appear (NTA). The NTA incorrectly alleged Madera Reyes entered the United States on July 31, 2025. ICE took custody of Madera Reyes on April 11, 2026, and he promptly requested a custody redetermination hearing. On April 28, 2026, Immigration Judge Stuart Siegel entered an order indicating the bond request was withdrawn because Madera Reyes had not surrendered his original passport. After Madera Reyes gave ICE his passport, the immigration court set a new hearing. Madera Reyes submitted evidence addressing his immigration history, employment history, federal tax filings, family and community ties, pending application for asylum and withholding of removal, and other relevant factors. On May 19, 2026, Judge Siegel denied bond with this order:

> After conducting an individualized bond hearing, and after applying the 9 Guerra factors, Respondent has not met his burden in establishing that he is a suitable bond risk based on the fact that Respondent is a recent arrival, Respondent has no relief pending before the Court, and Respondent has already departed the United States during a prior stay in the United States. see Matter of Guerra and Matter of R-A-V-P-.

(Doc. 4-6 at 1). There is no dispute that each of the three stated reasons for denying bond are factually incorrect. Madera Reyes has been living in the United States since 2019, he has a pending asylum claim, and he has not

departed since his 2019 arrival. Madera Reyes appealed, and Judge Seigel issued a bond memorandum, which reiterated the incorrect factual basis for denying bond.

At a master calendar hearing on July 7, 2026, Madera Reyes established that the allegations in the NTA were inaccurate. The court gave DHS an opportunity to correct the inaccuracies, and DHS filed amended charges of inadmissibility the next day. Madera Reyes filed a renewed motion for custody redetermination based on changed circumstances—specifically, the new charges of inadmissibility. On July 16, 2026, Judge Seigel denied the renewed motion without conducting a hearing and based on the same mistaken understanding of the facts:

> The Court finds that Respondent has not met his burden in meeting that he is a suitable bail risk based on the fact that Respondent is a recent arrival, Respondent has no pending relief pending before the Court, and Respondent has already departed the United States during a prior stay in the United States. see Matter of Guerra and Matter of R-A-V-P-. The Court finds that Respondent is a heightened flight risk. Consequently, no material change in circumstances established to warrant upsetting the Court's previous Order.

(Doc. 4-7 at 2).

Madera Reyes claims his detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment because he has not received a custody redetermination hearing based on the current, corrected administrative record. He requests release from custody or, alternatively,

another bond hearing. In response, the government points to 8 U.S.C. § 1226(e), a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. § 1226(e) does not apply here because Madera Reyes does not ask the Court to review Judge Seigel's decision. Rather, the petition states a bona fide due process claim. The government's response contains no due process analysis.

Because Madera Reyes's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The government argues Madera Reyes is not entitled to release because, as the Supreme Court has recognized, "detention during [removal] proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). But the government's authority to detain under § 1226 is not unfettered. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or *offered an explanation that contradicts the evidence before it*." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The government does not dispute that DHS's original charge of inadmissibility was factually incorrect. And while DHS eventually corrected its allegations to reflect the correct date of Madera Reyes's admission into the country, there is no dispute that the Executive Branch has continued to rely on the error—along with the incorrect understanding that Madera Reyes has no pending petition for immigration relief—to justify his continued detention. The government has rebuffed Madera Reyes's diligent efforts to receive a custody redetermination based on the corrected facts. The government's decision to double-down on its mistake, despite clear evidence and tacit acknowledgement that it was a mistake, is arbitrary.

In sum, Madera Reyes made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no evidence to justify his detention.

Accordingly, it is hereby

**ORDERED**:

Jorge Eliecer Madera Reyes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Madera Reyes and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record